IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 20-06-GF-BMM |
| Plaintiff, | |
| vs. | ORDER |
| JEFFREY ALLEN DABB, | |
| Defendant. | |

On September 8, 2021, Defendant Jeffrey Allen Dabb moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 94). Dabb asks alternatively that the Court recommend release to home confinement pursuant to the CARES Act, should the Court deny his motion to reduce his sentence. (Doc. 99). Dabb is currently serving a sentence of 51 months for a federal drug offense. *See* Judgment (Doc. 72).  His scheduled release date is June 18, 2023.  *See* Inmate Locator, www.bop.gov/inmateloc (accessed Nov. 3, 2021).

After considering the factors of 18 U.S.C. § 3553(a), the Court may reduce Dabb's sentence if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A) & (i); *see also*

1

28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(1)(A).  The Sentencing

Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's

discretion for § 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant, but they

are not binding.  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  The

guideline contemplates that a defendant's medical condition might constitute an

"extraordinary and compelling reason."  *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(C).

The defendant must also show that he "is not a danger to the safety of any other

person or to the community, as provided in 18 U.S.C. § 3142(g)."  Section 3142(g)

requires the Court to consider, among other things, "the nature and circumstances

of the offense" of conviction and "the history and characteristics of the person,

including . . . the person's character [and] physical . . . condition."  18 U.S.C. §

3142(g)(1), (3)(A).

Dabb is now 39 years old. *See* Inmate Locator, www.bop.gov/ inmateloc

(accessed Nov. 3, 2021). He suffers from hypertension. (Doc. 100 at 2). The

Centers for Disease Control and Prevention ("CDC") have determined that people

suffering from hypertension are at greater risk of developing severe illness as a

result of contracting the coronavirus.  *See People with Certain Medical Conditions*,

Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-

ncov/need-extra-precautions/people-with-medical-conditions.html (last updated

Oct. 14, 2021). Dabb argues also that the Bureau of Prisons ("BOP") has mismanaged his hypertension treatment. (Doc. 100). Dabb asserts that his risk of contracting COVID-19 would be mitigated if he were released to home confinement at his mother's home in Ogden, Utah. (Doc. 100 at 7).

Dabb argues that his health conditions warrant a sentence reduction as they put him at great risk should he contract COVID-19. (Doc. 100). The Court already considered Dabb's health, however, when it imposed his sentence in December 2020. (Doc. 72); *see also* PSR ¶ 89 (detailing Dabb's hypertension issues). Dabb's COVID-19 risk has only decreased since sentencing, given that he has now received a COVID-19 vaccine. (Doc. 102 at 3). The risk of complications for individuals is dramatically reduced once they are vaccinated. *See, e.g.*, *United States v. Del Rosario Martinez*, 2021 WL 956158, at *3 n.10 (S.D. Cal. Mar. 10, 2021); *United States v. Harris*, 2021 WL 1516012, at *2 (D. Md. Apr. 16, 2021).

## B.  Section 3553(a) Factors

Dabb has failed to complete drug treatment since his sentence was imposed. (Doc. 94-2 at 11). Dabb credited his struggle with addiction as the underlying cause of his drug dealing. (Doc. 68 at 3). Dabb emphasized his need for treatment as a part of his sentence. *Id.* at 4.

Dabb's failure to complete treatment indicates that the problems that led to

3

his conviction persist and raises concerns regarding his likelihood to re-offend were he to be released. Dabb has not yet received the correctional treatment he needs, and he continues to pose a danger to the safety of the community. 18 U.S.C. § 3553(a)(2)(C)–(D). Dabb's failure to complete treatment not only counsels against a reduced sentence, but also against a judicial recommendation for home confinement under the CARES ACT.

### C.  Conclusion

Considering all the relevant circumstances, Dabb does not make a strong showing of an extraordinary and compelling circumstance. Reducing his sentence to time served is not appropriate, nor is a judicial recommendation for release to home confinement pursuant to the CARES Act.

Accordingly, **IT IS ORDERED** Dabb's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 94 and 99) are **DENIED**.

DATED this 4th day of November, 2021.

_____
Brian Morris, Chief District Judge
United States District Court